Justin C. Frankel (JF-5983)
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 301
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff


## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK


------------------------------------------------------------
 DEBRA A. LEE,                                       :
                                                     :      05 Civ. 2960(WHP)
                            Plaintiff,               :
                                                     :
            - against -                              :      ECF
                                                     :
AETNA LIFE AND CASUALTY INSURANCE                    :
COMPANY,                                             :      **COMPLAINT**
                            Defendant.               :
------------------------------------------------------------

Plaintiff, DEBRA A. LEE, by and through her attorneys, FRANKEL & NEWFIELD, P.C.,

as and for her Complaint against Defendant AETNA LIFE AND CASUALTY INSURANCE

COMPANY ("Aetna"), hereby sets forth the following:

### THE PARTIES

1.      At all times hereinafter mentioned, Plaintiff DEBRA A. LEE, was and still

is a resident of the State of New York.

2.      Upon information and belief, at all times hereinafter mentioned, Defendant

Aetna is a publicly owned insurance company and is a Connecticut corporation duly authorized to

write insurance in the State of New York with its principal place of business at 151 Farmington

Avenue, Hartford, Connecticut 06156.

**JURISDICTION AND VENUE**

3.      Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4.      Venue in the Southern District of New York is appropriate because Plaintiff resides in this judicial district and Defendant is subject to personal jurisdiction based upon their contacts in this judicial district sufficient to subject it to personal jurisdiction.

5.      Pursuant to 28 U.S.C. §1391(a)(1) and §1391©)), this action is properly venued in the Southern District of New York.

**FACTS**

6.      At all times hereinafter mentioned, Plaintiff was an employee of Accenture LLP, formerly known as Andersen Consulting LLP ("Accenture").

7.      During Ms. Lee's employment with Accenture, Defendant Aetna  issued to Accenture a long term group disability income policy bearing policy no. 657455 (hereinafter the "Policy").

8.      At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible Accenture employees, including Plaintiff, in exchange for the payment of premiums by Accenture and/or Plaintiff .

9.      At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy issued by Aetna.

10.      At all times mentioned herein, Plaintiff was and is a "Covered Employee" as that term is defined in the Accenture Plan and that she has an employment classification level of manager or above as that term is defined in the Plan.

11.     Said policy issued by Aetna provided, among other things, that disability insurance payments will be made to Plaintiff in the event that she becomes unable to perform her own occupation because of injury or illness.  In such an event, the policy provides that monthly benefits are to be payable to Plaintiff in the amount of 70% of her Monthly Rate of Basic Earnings (MRBE) reduced by certain disability benefits she receives from other sources.

12.     At the time Plaintiff's disability commenced, her MRBE was no less that $11,666.67.

13.     The Plan further provides that "on March 1 following twelve (12) months of benefit payments, Total or Partial Disability benefits will be adjusted to reflect a cost-of-living increase in the year that the Consumer Price Index (CPI) increases 3% or more, up to a cumulative limit of 20%."

14.      On or about February 7, 2003, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy and benefit payments began.

15.     From February 7, 2003 through August 8, 2003 Plaintiff worked on a part-time basis and received partial benefits from May 31, 2004 through August 8, 2003.

16.     As a result of Plaintiff's disability she was forced to completely stop working and as a result received full long term disability benefits from August 9, 2003 through March 10, 2004.

17.     During the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became totally disabled within the meaning and pursuant to the terms of said Policy.

18.     By letter from Aetna dated March 11, 2004, Plaintiff was advised that her long term disability claim was denied effective March 11, 2004.

19.     Plaintiff timely appealed Aetna's denial and has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

20.     As of this date, Plaintiff continues to be disabled within the meaning of the policy because she is unable to perform the material and substantial duties of her own occupation because of injury or illness.

21.     Plaintiff's disability is caused by, among other things, her co-morbid medical conditions, including but not limited to her paresthesia, arthralgia, chronic fatigue, fibromyalgia, rheumatoid arthritis, multiple sclerosis, severe stiffness and pain, severe back pain, numbness, sleep problems, nausea, and vertigo.

22.     Plaintiff filed a claim, cooperated with Defendant Aetna, provided proper proof of loss, and otherwise complied with the policy terms and conditions regarding the filing of a claim.

23.     Pursuant to the policy, Aetna was obligated to continue the periodic payment of monthly benefits to Plaintiff in March 2004.

24.     Despite Plaintiff's total disability, Defendant suspended payments to Plaintiff on March 10, 2004 and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

25.     Said refusal on the part of Defendant Aetna is a willful and wrongful breach of the policy terms and conditions.

26.     Monthly benefits to Plaintiff are continuing to be due and payable by

Defendant Aetna with the passage of each month.

27.    Defendant Aetna is a conflicted decision maker because it has a significant financial interest in the outcome of Plaintiff's claim.

28.    Defendant Aetna's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform a medical examination of Plaintiff, the failure to describe how her condition improved from prior review where Defendant Aetna accepted liability on her claim, and other procedural irregularities.

29.    Defendant Aetna's claim handling resulted in numerous violations of 29 CFR 2560.503-1.

30.    Defendant Aetna's claim handling failed to provide Plaintiff with a full and fair review of her claim.

31.    Defendant Aetna's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant Aetna's financial motives.

32.    Plaintiff continues to be totally disabled, and monthly benefits are due and owing to her with the passage of each month.  Upon information and belief arrears are now due and owing to her in at least the sum of $98,000.00, plus interest.

**WHEREFORE**, Plaintiff DEBRA A. LEE prays that she may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint and that the declaratory judgment shall specify the following:

a)    Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that she is unable to perform the material and substantial

duties of her own occupation because of injury or illness;

b)      Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

c)      Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the applicable benefit period in the policy;

d)      Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

e)      Pursuant to ERISA §502 et. seq. and/or 29 U.S.C. 1132(g)(1), Plaintiff shall be entitled to recoup her attorney's fees, as well as all other costs and disbursements of this action;

f)      Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

g)      That the Plaintiff have such other and further relief as the Court may deem just and proper.


Dated:  Garden City, New York
        March 18, 2005

                                                    /S/
                                        By:     _____
                                                Justin C. Frankel (JF-5983)
                                                Jason A. Newfield (JN-5529)
                                                FRANKEL & NEWFIELD, P.C.
                                                585 Stewart Avenue
                                                Suite 301
                                                Garden City, New York 11530
                                                (516) 222-1600

                                                Attorneys for Plaintiff